**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AUBREY ALVIN WHITE,

    PETITIONER,

v.

CASE NOS.   04-CR-80403
                 05-CV-74804

UNITED STATES OF AMERICA,

    RESPONDENT.

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

_____/

**OPINION AND ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE
AND MOTION FOR EVIDENTIARY HEARING [D/E # 65]**

Before the court is Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, and Motion for Evidentiary Hearing. Having reviewed the record, briefs and applicable law, this court **DENIES** Petitioner's Motions and the case is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

On May 5, 2004, Aubrey White was indicted on charges of bank robbery, in violation of 18 U.S.C. § 2113(a). Two other suspects, Kevin Jackson and Tionte Keith, were also indicted for their alleged involvement in the same January 28, 2004 incident.

On September 7, 2004 White pled guilty. He was sentenced in December of 2004 to a period of 79 months imprisonment, 3 years supervised release and restitution in the amount of $ 157,733. His co-defendants also pled guilty.

In December 2005, White filed this § 2255 action.

### II. STANDARD OF REVIEW

Historically, the purpose of *habeas corpus* has been "to afford relief to those whom society has 'grievously wronged.'" *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993). To prevail under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which "had substantial and injurious effect or influence on the proceedings." *Id.* Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States,* 417 U.S.

333, 346 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

## III.  ANALYSIS

White's two grounds for vacating the sentence both relate to his stop and arrest on April 9, 2004. First, White argues that the Detroit Police Officers who pulled over his White Chevy Tahoe SUV did not have sufficient probable cause to arrest him, which led to the seizure of his vehicle and its contents. Petitioner's second ground claims that he was denied the effective assistance of legal counsel at the suppression hearings related to the April 9 stop and arrest.

**A. Probable Cause to Arrest**

On April 9, 2004, Detroit Police Officers Mitchell and Williams responded to a Wendy's Restaurant's parking lot where three female employees had been robbed and a car was stolen. The victims spoke to the officers describing the incident and describing the car that was stolen as green and having a temporary tag. The officers left the scene to search for the vehicle. Soon thereafter, the officers spotted a car that matched the description of the stolen car in close proximity geographically and temporally to the alleged robbery.

The officers watched as the car stopped in a parking lot and four individuals exited the vehicle. The individuals then entered a White 1996 Chevy Tahoe with the licence plate YHT 785. The officers called dispatch and requested assistance. The broadcast gave the description of the car, indicated the car was occupied by four persons and gave the car's direction of travel.

Detroit Police Officer Schmitt, who happened to be on patrol in the area, heard the broadcast. Almost immediately, the officer saw the White Chevy Tahoe with the same license plate number and Officers Mitchell and Williams car following. Williams and Mitchell activated their lights and attempted to stop the vehicle. The Tahoe stopped briefly, then started to move again. Schmitt pulled along side his fellow officers and activated his lights and effected a felony traffic stop. White, the driver, was then arrested and his van and its contents were seized.

When an officer has reasonable suspicion based on articulable facts that criminal activity is afoot, the officer may stop and briefly detain a person for investigative purposes. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). The articulable, reasonable suspicion is based on the totality of circumstances and reasonable inferences that the officer may draw at the time of the stop. *United*

*States v. Williams*, 962 F.2d 1218, 1223 (6th Cir. 1992)(citation omitted).

White argues that the officers in this case went beyond the brief detention allowed by *Terry v. Ohio*, 392 U.S. 1. White's main complaint is that the officers did not attempt to ask questions to confirm or dispel their officers' suspicions that he and the others were involved in criminal activity. Thus, White concludes that the officers merely wanted to arrest, not *Terry* stop White, which requires the higher probable cause standard.

White argues that the officers failed to meet this standard since the evidence was "inarticulate or ambiguous." Moreover, other, unexamined facts relating to the totality of the circumstances destroyed any probable cause that officers may have had. According to White's motion, the victims did not give the responding officers physical descriptions of assailants at the time of the robbery. Additionally, at the time of the stop, a night club had just closed for the night and as a result there was heavy traffic on the streets with numerous cars that fit the description given by the victim.

> We can assume the only reason why the officers stopped and arrested the Defendant was because his van was near a green car, and the officers were looking for a green car near that area.

Thus, according to White, the officers did not have probable cause.

This court disagrees. The officers did have probable cause for making the stop of White's Tahoe and subsequently arresting White and the others. The two police officers received information about the robbery suspects from the victims. Soon thereafter, they located in close proximity to the crime what appeared to be the stolen vehicle with the temporary tag as four individuals exited the vehicle and entered the Tahoe. After calling and receiving backup, the vehicle was stopped.

White previously raised this claim in a pre-trial motion to suppress. After a full evidentiary hearing, this court denied the motion to suppress finding that the officers not only had reasonable suspicion to stop the vehicle but also had probable cause to arrest. In ruling on the motion this court stated,

> [t]he question is whether or not there was probable cause for these two officers to

>   stop the white car, the SUV.  And based on the fact that it was in reasonable close proximity in terms of geography and in terms of time to taking, or the robbery, and three in the morning– while there might be a lot of green cars in Detroit, the happenstance that it was a green car matching the description and did not have a license plate, which is consistent with the description, but rather had a temporary tag, which is a piece of cardboard or heavy paper in the back window, I find that there is probable cause.  And therefore, the arrest was legal.

White neither raises new issues of law nor produces new facts concerning the stop, thus the motion is **DENIED.**  This court believes that it did not err when it determined that the officers had reasonable suspicion to stop and probable cause to arrest White.

### B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  "A court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance."  *Id.* at 689.

Prior to trial a number of motions *in limine* were filed and joined by all the defendants to suppress statements made to law enforcement and to suppress evidence seized as a result of the arrest..  The court heard argument on the motions on both July 21 and July 28, 2004 and entered an order on August 31, 2004.

Petitioner's attorney participated in both hearings.  With regard to the motion related to the April 4 stop, Petitioner's attorney cross-examined Officer Williams relating his pulling over Defendant's white Chevy Tahoe.  Another defendant's attorney cross-examined Officer Mitchell, but counsel for White was present during the examination, noted discrepancies in his testimony, and concurred with the fellow defense counsel's final arguments.

During the hearing on the motions to suppress defendants' statements, White's attorney cross-examined the government's witness, Detective Dyer.  He also questioned another witness offered by the government regarding his statements made to both the Detroit and the Grosse Pointe Police Departments.   Petitioner's attorney also questioned White, himself, on the stand

regarding the circumstances of the arrest and statements he made.

After argument, this court granted two of motions *in limine* and suppressed all of the defendants' statements made to the Detroit Police Department and White's statement to the Grosse Pointe Police Department. This court initially denied the defendants' motion to suppress Keith's statement to the Grosse Pointe Police Department but later granted his motion to reconsider, thereby suppressing his statement as well.

The motion *in limine* to suppress the evidence seized from the car was denied.

Petitioner argues that he was deprived of his right to counsel. In terms of the performance prong, Petitioner argues that his attorney was ineffective because,

> his attorney failed to argue any subjective facts pertaining to [White] and did not object or even speak until at the end of the Suppression Hearing, on July 21, 2005, when the Court asked was there any last words for the defense at that time Defendant's counsel concurred with co-defendant's counsel.

According to White, his attorney should have argued during the suppression hearing that White,

> was driving a brand new van, that belonged to him, when he was arrested... [that White] had no motive or criminal intent to commit a crime... [and that White] had family members that possessed the same type and model of car that was stolen.

White states that these omissions demonstrate that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would have exhibited under similar circumstances.

As for the prejudice prong, White claims,

> had counsel conducted an appropriate investigation, both factual and legal, to determine whether defenses could be developed in the protection of defendant's vital interest, counsel would have discovered the following and the result of this proceeding would have been different.

White argues that an appropriate investigation would have led to these discoveries: 1) that there was no physical description that matched the Defendant; 2) that the Defendant's white van was not seen any where near the scene of the crime; 3) that the police failed to run a license

plate check on the van; and 4) at their distance, the officers could not have known that green car was the car they were looking for.

In terms of prejudice, White argues that if his attorney would have explained to him the technicalities of the law in relation to the probable cause needed for the arrest and seizure, he would not have pled guilty and insisted on going to trial. White claims that had the evidence had been suppressed and he had gone to trial, there is a reasonable probability that the jury would have found him not guilty.

The attorney's performance did not fall short of the norms of the legal profession. White's attorney did preserve the probable cause issue raising it before trial thereby protecting White's ability to raise this issue on appeal. Most if not all of the facts that White argues would have been discovered with a thorough investigation would have been irrelevant to the issue of probable cause at the suppression hearing. Thus, under the performance prong, the attorney's conduct cannot be said to have fallen outside the range of professionally competent assistance for not having brought out these irrelevant facts. Petitioner's attorney did cross-examine at least one officer, he concurred in the other co-defendant's well reasoned arguments, and as a result all of defendants' statements were suppressed.

Even if these facts had been brought out at the hearing, White still would have lost the suppression motion. Thus Petitioner fails to satisfy the prejudice prong. The issue of probable cause is a question of law that would not have gone to they jury. The additional facts set forth do not impact the legal question of whether there was probable cause (see prior issue). The fact that the van was brand new and not near the scene of the crime matters little, since the officers watched the suspects leave the described stolen vehicle to enter the "brand new vehicle." The fact that White may have had family members that owned a similar car and that the police failed to run a license plate check are completely irrelevant to the issue. Even the distance from which the officers spotted the car would not have affected this court's decision. In finding probable cause for the stop, this court relied on the geographical and temporal proximity to the crime (the car was discovered near the robbery around three in the morning) combined with the description of a green car that did not have an actual license plate but instead a temporary tag. In this

scenario, the police officers could determine that the green car near the scene of the robbery at around three in the morning had a temporary tag.

Since Petitioner has failed to satisfy either prong, his claim of ineffective assistance of counsel is **DENIED**.

## IV.  CONCLUSION

Petitioner has not demonstrated any "fundamental defect which inherently result[ed] in a complete miscarriage of justice." *Davis,* 417 U.S. at 346.  Thus, his Motion to Vacate and Motion for Evidentiary Haring are **DENIED**

**IT IS SO ORDERED.**



s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  August 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager